STEWART SMITH
William F. Stewart
Attorney ID #59167
300 Four Falls Corporate Center
300 Conshohocken State Road, Suite 670
West Conshohocken, PA 19428
Main: (484) 534-8300
Fax: (484) 534-9470
wstewart@stewartsmithlaw.com

*Attorneys for Defendant
Colony Insurance Company*

**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| YI'S TOPS SPORTING GOODS INC. and HON YOU <br><br> Plaintiffs <br><br> v. <br><br> COLONY INSURANCE COMPANY <br><br> Defendant. | Civil Action No. [TBA] |

## NOTICE OF REMOVAL

Defendant Colony Insurance Company ("Colony"), by and through its undersigned counsel, Stewart Smith, hereby removes Case Number 210200003 from the Court of Common Pleas of Philadelphia County to the United States District Court for the Eastern District of Pennsylvania, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and alleges as follows:

1. On January 28, 2021, Plaintiffs filed a Complaint against Colony in the Court of Common Pleas of Philadelphia County, First Judicial District of Pennsylvania, captioned *Yi's Tops Sporting Goods Inc. and Hon You v. Colony Ins. Co.,* Case Number 210200003 (the "State Court Action"), alleging causes of action for breach of an insurance contract and for statutory insurance bad faith.

2.A copy of the Docket and all pleadings and documents filed in the State Court Action are attached to this Notice of Removal as Exhibit A.

3.After filing the Complaint, under cover letter dated February 25, 2021, Plaintiffs' counsel sent a copy of the Complaint via Federal Express delivery service to Colony.

4.Colony received a copy of the Complaint in its Richmond, Virginia office on March 2, 2021, as stated in the Affidavit of Service filed in the State Court Action.

5.This Notice of Removal is timely filed within the thirty (30) day period required for removal to federal court under 28 U.S.C. §1446(b).

6.This action is removable pursuant to 28 U.S.C. §1441(b) and 28 U.S. C. §1332(a) because there is complete diversity of citizenship between the Plaintiffs and the Defendant.

7.Plaintiff "Yi's Tops Sporting Goods, Inc." is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania.  In addition, Yi's Tops Sporting Goods, Inc's principal place of business is located at 2963 North 22nd Street, Philadelphia, Pennsylvania. Therefore, for or purposes of subject matter jurisdiction, Plaintiff Yi's Tops Sporting Goods, Inc. is a citizen of Pennsylvania.

8.Plaintiff "Hon You" is actually named "Hon Young Yi," and is an adult individual who is domiciled in, and a citizen of, the State of New Jersey, residing at 408 Viking Lane, Cherry Hill, New Jersey.

9.Defendant Colony Insurance Company is a corporation organized and existing under the laws of the Commonwealth of Virginia.  In addition, Colony's principal place of business is located at 8720 Stony Point Parkway, Richmond, Virginia. Therefore, for purposes of subject matter jurisdiction, Defendant Colony is a citizen of Virginia.

10.Complete diversity of citizenship exists between the parties under 28 U.S.C. § 1332.

11. This action is removable pursuant to 28 U.S.C. §1441(b) and §1332(a) because the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

12. Briefly stated, this civil action concerns Plaintiffs' claim for property insurance coverage as a result of vandalism, looting and theft that occurred in or around May 2020 at Plaintiffs' business address located in Philadelphia, Pennsylvania, where Plaintiffs operated a local retail store that sold sporting goods, sneakers and the like.

13. Before the vandalism, looting and theft occurred, Colony issued Policy Number 101 PKG 0127268-00 (the "Policy" or the "Colony Policy") to Plaintiffs.

14. Plaintiffs submitted a claim for property damage to the retail building, including, for example, claimed damage that occurred to the building's interior spaces (such as storage and show room areas), doors, windows, roof and mechanical equipment (located on the roof and in the basement).

15. In addition, Plaintiffs' claimed loss included loss of business personal property and business income loss.

16. In the Complaint filed in the State Court Action, Plaintiffs seek full policy proceeds to restore the building and for loss of business income.

17. Plaintiffs' Complaint contains two causes of action: Count I - Breach of Contract, and Count II – Bad Faith, 42 Pa. C.S.A. §8371.

18. Prior to commencing the State Court Action, Plaintiffs retained the services of a public adjuster, who prepared a written building replacement cost estimate in the amount of $142,859.49.

19. As of the date of this filing, Colony has paid Plaintiffs (and/or their public adjuster) $32,543.79 (for emergency services), and $33,895.79 (for repairs, on an actual cash value basis, until replacement occurs).

20. In addition, the Colony Policy provides coverage for business income loss, subject to a stated $20,000 limit of insurance for business income loss.

21. During the adjustment of Plaintiffs' claim, Plaintiffs' public adjuster demanded payment of the $20,000 limit of insurance for business income loss coverage under the Policy.

22. To date, based upon the limited documents submitted by Plaintiffs (and/or their public adjuster), Colony has paid $1,368 to Plaintiffs under the Policy for claimed business income loss.

23. In addition to seeking to recover for full policy proceeds to restore Plaintiffs' building and for loss of business income under the terms of the Policy, Plaintiffs seek additional damages based upon the claim that Defendant Colony acted in bad faith conduct.

24. In that regard, Plaintiffs rely upon 42 Pa. C.S.A. §8371, and request an award of special damages, punitive damages and attorneys' fees, all of which are proper categories of damages considered for purposes of calculating the amount in controversy.

25. This Court has subject matter jurisdiction over this matter under 28 U.S.C. § 1332(a) because, in addition to the existence of complete diversity of citizenship between Plaintiffs and Defendant, the amount in controversy exceeds the sum or value of more than $75,000, exclusive of interests and costs.

26. This Notice of Removal has been filed in this venue because the United States District Court for the Eastern District of Pennsylvania is the federal judicial district and vicinage embracing the forum in which the State Court Action was filed.

27. Copies of this Notice of Removal are being served upon counsel for Plaintiffs and upon the Court of Common Pleas of Philadelphia County, as required by 28 U.S.C. § 1446(d).

28. By filing this Notice of Removal, Colony does not waive any objection that

Colony may have to service, jurisdiction or venue, or any other defenses or objections that Colony may have to this action.

29.    Colony intends no admission of fact, law or liability by this Notice of Removal, and expressly reserves all defenses, motions, or pleas.

**WHEREFORE**, Notice is given that the State Court Action is removed from the Court of Common Pleas of Philadelphia County, First Judicial District of Pennsylvania, to the United States District Court for the Eastern District of Pennsylvania, for all future proceedings.

>                        Respectfully submitted,
>
>                        **STEWART SMITH**
>
> By:    */s/ William F. Stewart*
>        William F. Stewart
>        Attorney ID #59167
>        300 Four Falls Corporate Center
>        300 Conshohocken State Road, Suite 670
>        West Conshohocken, PA 19428
>        Main: (484) 534-8300
>        Fax: (484) 534-9470
>        wstewart@stewartsmithlaw.com
>        *Attorneys for Defendant Colony*
>        *Insurance Company*

S<small>TEWART</small> S<small>MITH</small>
William F. Stewart
Attorney ID #59167
300 Four Falls Corporate Center
300 Conshohocken State Road, Suite 670
West Conshohocken, PA 19428
Main: (484) 534-8300
Fax: (484) 534-9470
wstewart@stewartsmithlaw.com

*Attorneys for Defendant
Colony Insurance Company*

**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| YI'S TOPS SPORTING GOODS INC. and HON YOU | : : : : |
| Plaintiffs | : Civil Action No. [TBA] |
| v. | : : : |
| COLONY INSURANCE COMPANY | : : |
| Defendant. | : : |

**CERTIFICATE OF SERVICE**

I, William F. Stewart, Esquire, hereby certify that on the 31st day of March, 2021, I caused the foregoing Notice of Removal (and supporting papers) to be filed electronically with the Court and that notice of the filing, and a true and correct copy of the filing, was made available for viewing and download via this Court's CM/ECF system.

 */s/ William F. Stewart*
William F. Stewart, Esquire

*Attorneys for Defendant Colony Insurance Company*